UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BEHAVIORAL HEALTH ALTERNATIVES,<br>INC., EARL TIMMERMEIER, Individually<br>and as Special Representatives of the Estate of<br>Gayla Timmermeier, Deceased, SHELLY<br>TIMMERMEIER and RAYMOND<br>TIMMERMEIER,<br><br>    Defendants. | Case No. 17-cv-684-JPG-DGW |

# MEMORANDUM AND ORDER

In this case, plaintiff Philadelphia Indemnity Insurance Company ("PIIC") seeks rescission of an insurance policy it issued to defendant Behavioral Health Alternatives, Inc. ("BHA") or, in the alternative, a declaratory judgment stating that the insurance policy it issued to BHA does not cover the defense of or indemnity for the underlying suit brought in state court by the estate and family of Gayla Timmermeier. BHA has moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) on the grounds that PIIC should be estopped from rescinding the policy or claiming it does not cover the underlying lawsuit (Doc. 26). PIIC has responded to the motion (Doc. 31).

**I.    Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

**II. Facts Alleged**

As a preliminary matter, PIIC has referenced in its response material outside and not attached to the Amended Complaint. When such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment or it may exclude the additional material from consideration. *See* Fed. R. Civ. P. 12(d). In this case, the Court declines to consider the additional material and will consider this motion as it was captioned, under Rule 12(b)(6).

The allegations in the Amended Complaint and the reasonable inferences that can be drawn from them establish the following relevant facts for the purposes of this motion.

In August 2013, Gayla Timmermeier sought services from BHA, an organization that provides comprehensive outpatient mental health services. After a subsequent visit to BHA, Timmermeier committed suicide. On September 9, 2013, Gayla Timmermeier's brother Earl Timmermeier telephoned BHA to inform it of Gayla Timmermeier's death. In that phone call, Earl Timmermeier said that Gayla Timmermeier's family planned to sue BHA.

More than a year later, BHA applied to PIIC for commercial insurance coverage. BHA Executive Director Belinda Gunning completed the application. In the application, she stated that no BHA client had committed suicide in the prior four years and that BHA did not know of any circumstances that could reasonably give rise to a lawsuit or an insurance claim.

Relying on these representations, PIIC issued Policy No. PHPK1264138, effective

December 1, 2014, to December 1, 2015 ("Policy"). The Policy covered claims made within the effective period for incidents occurring as far back as December 1, 1986. A claim was considered to be made when BHA first received and recorded notice of the claim. The Policy also expressly excluded coverage for incidents about which BHA knew on the date the Policy went into effect that could reasonably be expected to generate a claim for damages.

On September 4, 2015, Earl Timmermeier and other family members filed a negligence action against BHA in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. The complaint in the underlying lawsuit did not plead that Earl Timmermeier had alerted BHA to Gayla Timmermeier's suicide or to a potential lawsuit on or around September 9, 2013. BHA tendered the defense of the lawsuit to PIIC, which agreed to defend BHA in the underlying suit.

PIIC filed this lawsuit on June 30, 2017. As noted above, PIIC seeks to rescind the Policy based on material misrepresentations made in BHA's application for insurance (Count 1). Alternatively, PIIC seeks a declaration that the Policy does not cover the underlying lawsuit because Earl Timmermeier first made his claim to BHA on September 9, 2013, outside the Policy's effective dates (Count 2). It also seeks a declaration that the underlying lawsuit falls within an exclusion for incidents about which BHA knew on December 1, 2014, and could reasonably expect to spawn litigation (Count 3). PIIC later filed the Amended Complaint at the Court's instruction to correct a jurisdictional defect (Doc. 16).

BHA now asks the Court to dismiss this case on the grounds that PIIC is estopped from rescinding or disclaiming coverage because it defended BHA for 21 months (from September 2015 to June 30, 2017) without reserving its right to disclaim coverage or seeking a judicial declaration of non-coverage. Essentially, BHA argues that because PIIC failed to plead facts showing that estoppel *does not* apply – that is, that it asserted a reservation of rights or promptly

sought a declaration regarding coverage – it applies based on the mere passage of time between the underlying lawsuit and this lawsuit, and this case should be dismissed.

In response, PIIC argues that it has no duty to plead around estoppel because it is an affirmative defense and an improper basis for dismissal under Rule 12(b)(6). It further argues that estoppel does not apply to claims for rescission and that no reservation of rights was necessary for the declaratory judgment claims. Finally, it argues BHA cannot establish the elements of estoppel.

**III.    Analysis**

    A.    <u>Illinois Law Regarding Duty to Defend</u>

A general overview of Illinois law regarding the duty to defend, which all parties agree applies to this action, is helpful to understanding BHA's estoppel argument and PIIC's opposition.

Under Illinois law, an insurer has an obligation to defend its insured in an underlying lawsuit if the complaint in the underlying lawsuit alleges facts potentially within the coverage of the insurance policy, even if the allegations end up being groundless, false or fraudulent. *General Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005). If a policy contains a duty to defend, but the insurer believes that an underlying complaint is not actually covered by a policy, it

> may not simply refuse to defend the insured. Rather, the insurer has two options: (1) defend the suit under a reservation of rights or (2) seek a declaratory judgment that there is no coverage. If the insurer fails to take either of these steps and is later found to have wrongfully denied coverage, the insurer is estopped from raising policy defenses to coverage . . . even those defenses that may have been successful had the insurer not breached its duty to defend.

*Employers Ins. of Wausau v. Ehlco Liquidating Tr.*, 708 N.E.2d 1122, 1134-35 (Ill. 1999); *accord American Safety Cas. Ins. Co. v. City of Waukegan*, 678 F.3d 475, 485 (7th Cir. 2012).

5

This doctrine does not apply, however, "if the insurer had no duty to defend, or if the insurer's duty to defend was not properly triggered," such as, for example, "where the insurer was given no opportunity to defend; where there was no insurance policy in existence; and where, when the policy and the complaint are compared, there clearly was no coverage or potential for coverage." *Employers Ins.*, 708 N.E.2d at 1135. This is not the kind of estoppel BHA relies on, however, because PIIC assumed its defense in the underlying litigation.

BHA relies on another type of estoppel that can arise where an insurer provides a defense without a reservation of rights. "It is generally held that an insurer may be estopped from asserting a defense of noncoverage when the insurer undertakes the defense of an action against the insured" if the insurer gives no indication that there are coverage questions and if the insured suffers some prejudice. *Maryland Cas. Co. v. Peppers*, 355 N.E.2d 24, 29 (Ill. 1976); *accord Gibraltar Ins. Co. v. Varkalis*, 263 N.E.2d 823, 827 (Ill. 1970). The circumstances surrounding any delay between when an insurer undertakes the defense and when it asserts a policy defense, including the insurer's awareness of facts supporting the policy defense, are factors to be considered in determining whether estoppel applies. *See Gibralter Ins. Co.*, 263 N.E.2d at 827 (insurer estopped where knew about but did not assert willful conduct policy defense when it assumed defense of insured); *American States Ins. Co. v. National Cycle, Inc.*, 631 N.E.2d 1292, 1 (Ill. App. Ct. 1994) (insurer not estopped where did not know of facts supporting late notice defense when it assumed defense of insured). Additionally, whether an insured is prejudiced is a question of fact that must be proved by clear and convincing evidence and may be shown in some circumstances by the insurer's inducing the insured to surrender its right to control its

defense. *Maryland Cas. Co.*, 355 N.E.2d at 29.[1]

B. <u>Sufficiency of PIIC's Pleading</u>

The Court has reviewed PIIC's Amended Complaint and finds that it pleads facts plausibly suggesting a right to relief.

As for PIIC's rescission claim, under Illinois law, "'rescission' is the cancelling of a contract so as to restore the parties to their initial status." *Horan v. Blowitz*, 148 N.E.2d 445, 449 (Ill. 1958). Rescission is "an equitable doctrine, and a party seeking rescission must restore the other party to the status quo existing at the time the contract was made." *Illinois State Bar Ass'n Mut. Ins. Co. v. Coregis Ins. Co.*, 821 N.E.2d 706, 713 (Ill. App. Ct. 2004) (internal quotations omitted). Generally under Illinois law, an insurance policy can be rescinded where the insurer can show there is a misrepresentation in the written application for the insurance policy and the misrepresentation "materially affects either the acceptance of the risk or the hazard assumed" by the insurer. 215 ILCS 5/154; *Illinois State Bar Ass'n Mut. Ins. Co. v. Law Office of Tuzzolino & Terpinas*, 27 N.E.3d 67, 71 (Ill. 2015); *Golden Rule Ins. Co. v. Schwartz*, 786 N.E.2d 1010, 1015 (Ill. 2003). PIIC has pled that BHA made specific material misrepresentations in its application for insurance that PIIC relied on in issuing the Policy with the terms it did. This is enough to

---

[1] Similar to this kind of estoppel, waiver can arise where an insurer provides a defense without indicating any objection to coverage by the policy. If an insurer assumes the defense of an insured without a reservation of rights and the insurer knows or should have known facts supporting a policy defense to coverage, the insurer may waive that defense to policy coverage. *American States*, 631 N.E.2d at 1297 (citing *Kenilworth Ins. Co. v. McDougal*, 313 N.E.2d 673, 677 (Ill. App. Ct. 1974)). Generally, "[a]n insurer who wishes to reserve his or her rights under a policy must notify the insured 'without delay' or 'with reasonable promptness.'" *American States*, 631 N.E.2d at 1297 (quoting *Apex Mut. Ins. Co. v. Christner*, 240 N.E.2d, 742, 751 (Ill. App. Ct. 1968)). The length of any delay is an element a court considers in determining the reasonableness of the insurer's conduct. *Id.* However, "as a general rule, a waiver of rights will not be found when a party 'is ignorant of the existence of such rights.'" *Id.* at 1298 (citing *Kenilworth,* 313 N.E.2d at 677)). The parties and some Illinois courts are not scrupulous in distinguishing between theories of waiver and estoppel in the insurance coverage contest.

7

plead a cause of action for rescission.

As for PIIC's declaratory judgment claims, assuming the Policy is not rescinded, PIIC has sufficiently pled specific provisions of the Policy that support a finding, based on the facts alleged, that a claim based on Gayla Timmermeier's suicide was first made outside the Policy period and that the claim falls into the exclusion for prior or pending litigation. Based on the allegations in the Amended Complaint, the Court cannot find PIIC has failed to state a claim in its declaratory judgment counts.

BHA is wrong to argue that it is entitled to dismissal because PIIC failed to plead facts showing it reserved its rights to challenge the Policy's coverage or that it promptly filed a declaratory judgment action after the underlying lawsuit was filed. As cautioned in *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005), BHA and the Court "should stop and think: What rule of law *requires* a complaint to contain that allegation?" There is none. Estoppel is an affirmative defense that is pled and proved by the defendant. *See* Fed. R. Civ. P. 8(c)(1) (listing estoppel as an avoidance or affirmative defense to be pled in response to another pleading). There is no rule requiring a plaintiff to anticipate and overcome affirmative defenses in its complaint. *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 492 (7th Cir.), *reh'g & reh'g en banc denied* (July 28, 2017) (statute of limitations); *McDonald v. Adamson*, 840 F.3d 343, 347 (7th Cir. 2016) (collateral estoppel); *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010) (preemption); *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) (statute of limitations); *Mosely v. Board of Educ. of City of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006) (failure to exhaust administrative remedies); *Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 976 (11th Cir. 2015) (waiver). So long as a complaint does not plead too much – for example, facts conclusively establishing that estoppel or

8

some other affirmative defense applies – a defendant is not entitled to dismissal. *Amin Ijbara Equity*, 860 F.3d at 492; *Cancer Found.*, 559 F.3d at 674-75. But "[a]s long as there is a conceivable set of facts, consistent with the complaint, that would defeat" the affirmative defense, a court should not dismiss a case at the pleading stage based on that affirmative defense. *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

Here, PIIC does not plead facts showing conclusively that estoppel forecloses its causes of action. It has made no allegations whatsoever about whether it reserved its rights, whether this or any other lawsuit seeking a declaratory judgment was promptly filed, or whether BHA suffered any prejudice. In fact, in its response to BHA's motion to dismiss, it has presented legal arguments and a factual scenario consistent with the allegations in the Amended Complaint as to why BHA is not entitled to prevail because of estoppel: PIIC was not aware of facts supporting rescission or non-coverage until it learned in discovery in June 2017 of Earl Timmermeier's September 2013 phone call to BHA. Whether those arguments are compelling and those facts are supported by evidence are questions to be pursued on summary judgment or at trial. At this stage, though, because PIIC has not pled facts conclusively establishing it is estopped from asserting the claims pled in the Amended Complaint, BHA is not entitled to dismissal under Rule 12(b)(6).

C. <u>Other Arguments for Dismissal</u>

In light of the resolution of this motion on the question of the sufficiency of the pleadings, the Court declines at this time to opine on the merits of the other arguments raised in PIIC's response. The Court believes it would benefit from adversarial briefing on those issues, but BHA declined to reply to those arguments in a reply brief – perhaps because the arguments have merit, perhaps because it could not do those arguments justice in the page limit of a reply

9

brief, or perhaps for some other reason. In any case, the Court will decide those issues, if necessary, only if they are presented again in an appropriate motion and after hearing from both sides.

## IV.     Conclusion

For the foregoing reasons, the Court **DENIES** BHA's motion to dismiss (Doc. 26).

**IT IS SO ORDERED.**
**DATED:  December 13, 2017**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**